**XIU YING YANG, Petitioner,**

v.

**Alberto GONZALES, Attorney General of the United States,\* Respondent.**

No. 04–4007.

United States Court of Appeals, Second Circuit.

Dec. 1, 2006.

Karen Jaffe, New York, New York, for Petitioner.

Daniel G. Bogden, United States Attorney, District of Nevada, Las Vegas, Nevada (Robert L. Ellman, on the brief), for Respondent.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto Gonzales is substituted for his predecessor, Attorney General John Ashcroft, as respondent in this case.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROBERT D. SACK, Circuit Judge, Hon. LOUIS F. OBERDORFER, District Judge.**

### *SUMMARY ORDER*

Xiu Ying Yang, a native and citizen of China, petitions for review of the July 3, 2004 order of the BIA affirming an Immigration Judge's ("IJ") December 11, 2002 decision and order of removal to China. Yang withdrew her applications for withholding of removal and asylum before the IJ; the IJ subsequently denied Yang's sole remaining claim under the United States Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

Where, as here, the BIA summarily adopts or affirms the IJ's decision without opinion, this Court reviews the IJ's decision directly. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B). "[A] finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)).

Yang's perfunctory brief argues (1) that the adverse credibility finding was not supported by substantial evidence, and (2) that, more likely than not, Yang will be tortured if she is returned to China.

■ 1. *Credibility.* The IJ concluded that Yang's claim of arrest and release was "incredible" for a number of reasons that constitute substantial evidence. For example, less than a year after the relevant events, Yang could not remember whether the events occurred either "one or two months before she left China," whether she was arrested in April or some other month in 2001, or whether she was held for either "one or two days." Furthermore, Yang's claims that Chinese government officials continued to look for her and damaged her home were undermined by a letter from her father, which referenced neither incident.

■ 2. *Torture.* To establish eligibility for relief under the CAT, an alien must establish a likelihood that she would be tortured if removed to the proposed country. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 184 (2d Cir.2004). In rejecting this claim, the IJ relied on [i] the adverse credibility finding, [ii] the fact that Yang was not tortured when she was arrested in China following her supposed attack on a Chinese security officer, and [iii] the lack of any evidence in the record that a future arrest and imprisonment would result in torture. Yang challenges the IJ's finding by arguing that a fear and likelihood of arrest is sufficient to establish a likelihood of torture. The argument is meritless; the IJ's conclusion is supported by substantial evidence.

For the reasons set forth above, the petition for review is **DENIED.** Petitioner's motion for a stay of deportation is denied as moot.

** The Honorable Louis F. Oberdorfer, United States District Court for the District of Columbia, sitting by designation.